UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JOHN AVALOS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SARA L. KIRCHEN-ROLPH, et al.,<br><br>　　　　Defendants. | Case No.: 1:21-cv-00084-ADA-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 23)<br><br>**ORDER GRANTING 14-DAY EXTENSION OF TIME WITHIN WHICH TO OBJECT TO FINDINGS AND RECOMMENDATIONS**<br><br>(Doc. 22) |

Plaintiff Vincent Johnny Avalos is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.    INTRODUCTION**

Plaintiff filed a motion for the appointment of counsel on September 20, 2023. (Doc. 23.) He asserts the following as the bases for his request: (1) his inability to afford counsel; (2) his imprisonment greatly impacts his ability to litigate, he has limited knowledge of the law, and the issues are complex and will require significant research and investigation; (3) a trial would involve conflicting testimony and counsel would be better able to present evidence and call and cross-examine witnesses; (4) his repeated and unsuccessful efforts to obtain legal assistance; (5) his limited access to the law library. *Id.*

## II. DISCUSSION

Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

### A. Analysis

The Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Rand*, 113 F.3d at 1525. Here, Plaintiff's first amended complaint was screened as required by 28 U.S.C. § 1915A(a) (*see* Doc. 22) and the undersigned recommended it be dismissed as barred by the statute of limitations and for failure to state a claim. *See, e.g.*, *Davood v. Jimmanz*, No. 1:21-cv-01394-SAB (PC), 2021 WL 6051735, at *2 (E.D. Cal. Dec. 21, 2021) (no exceptional circumstances present where complaint dismissed for failure to state claim).

The Court must also evaluate Plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Here, the Court finds Plaintiff able to articulate his claims in light of their complexity. More specifically, Plaintiff – acting pro se – previously litigated virtually identical claims against different defendants in a different forum as those raised in this action. *See generally Avalos v. Sup. Ct. Cnty. of Riverside*, No. ED CV 19-0031-JAK (PJW), 2020 WL 3549199 (C.D. Cal. May 28, 2020) (recommending dismissal of action based on defendants' immunity), *R&R adopted*, 2020 WL 3546077 (June 30, 2020). Further, a review of Plaintiff's multi-claim and multi-defendant pleadings (both original

2

and first amend complaint) demonstrates that Plaintiff competently understands and can articulate the constitutional theories supporting his claims. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for appointment of counsel where pleadings demonstrated petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions").

Further, the claims are not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Andre-Gollihar v. County of San Joaquin*, No. 2:09-cv-03313 MCE KJN PS, 2010 WL 2925358, at *2 (E.D. Cal. July 26, 2010) ("plaintiff's claims of excessive force and wrongful death are not complex"); *see also Crawford v. Hughes*, No. 13-CV-6638-FPG, 2017 WL 130273, at *3 (W.D.N.Y. Jan. 13, 2017) ("the issues in this case—namely, the alleged use of excessive force, discrimination, and denial of due process at a disciplinary hearing—are not complex"); *Williams v. Whitehurst*, No. 4:08CV21-SPM/AK, 2008 WL 1766570, at *1 (N.D. Fla. Apr. 11, 2008) ("Although Plaintiff's claims are serious, they are not complex nor will he be required to do legal research since the court is familiar with the law on claims of excessive force and failure to protect").

**Inability to Afford Counsel**

Concerning Plaintiff's inability to afford to hire counsel, that circumstance does not qualify as an exceptional circumstance warranting the appointment of counsel. *See Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556 KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel has no bearing on either his likelihood of success on the merits or his ability to articulate his claims pro se"); *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"); *Montano v. Solomon*, No. 2:07-cv-0800 KJN P, 2010 WL 2403389, at

\*2 (E.D. Cal. June 11, 2010) ("Neither indigence nor lack of facility in English qualifies as an exceptional circumstance in a prisoner civil rights case").

### Imprisonment

While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Id*. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). *See also Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at \*1 (E.D. Cal. Jan. 11, 2021) ("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face").

### Conflicting Testimony & Examination of Witnesses at Trial

Plaintiff's further assertions that an attorney may be better able to perform research, investigate, and represent Plaintiff during discovery and at trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Wilborn*, 789 F.2d at 1331 (same); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at \*1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for

1    trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for
2    appointment of counsel); *Ricks v. Austria*, No. 1:15-cv-01147-BAM (PC), 2016 WL 1734326, at
3    *2 (E.D. Cal. May 2, 2016) (while a pro se litigant may be better served with the assistance of
4    counsel were the case to proceed to trial, the court need not appoint counsel if plaintiff can
5    articulate his claims and exceptional circumstances do not exist); *Thornton v. Schwarzenegger*,
6    No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that
7    "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of
8    complex legal issues warranting a finding of exceptional circumstances").

**Unsuccessful Efforts to Obtain Counsel**

10    While the Court appreciates Plaintiff's efforts to secure counsel, his inability to find
11    counsel is not "a proper factor for the Court to consider in determining whether to request
12    counsel. *Howard v. Hedgpeth*, No. 08cv0859 RTB (PCL), 2010 WL 1641087, at *2 (E.D. Cal.
13    Apr. 20, 2010) (an inability to find counsel is not a proper factor for the Court to consider).

14                          *   *   *   *   *

*Limited Access to Law Library*

16    Plaintiff also complains that he has "limited access to the law library" and has "been
17    denied any meaningful access to the Court." (Doc. 23 at 1.)  In support thereof, Plaintiff attaches
18    (1) a form letter from a senior librarian to library patrons at the facility where Plaintiff is housed,
19    dated June 12, 2023 (*id.* at 7) and (2) two legal material request forms that appear to have been
20    authored by Plaintiff and reviewed by the same senior librarian (*id.* at 8-9.)  These supporting
21    materials do not demonstrate that Plaintiff's access to either the prison library or to this Court is
22    being restricted.  The form letter merely advises library patrons that they may request only three
23    law library items at one time, and the legal material request forms merely demonstrate that
24    Plaintiff is able to successfully request legal forms and paper.
25    While Plaintiff has failed to demonstrate that his regulated access to the prison's law
26    library warrants appointment of counsel, given his assertions concerning restricted access and the
27    pendency of the recently issued findings and recommendations to dismiss this case, the Court
28    shall grant Plaintiff a brief extension of time to facilitate his completion and filing of any

objections thereto.

### III.    CONCLUSION AND ORDER

In sum, as explained above, the Court finds that exceptional circumstances do not exist warranting the appointment of counsel in this action. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's motion for the appointment of counsel (Doc. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have an extension of 14-days from the date of this Order to file objections to the pending findings and recommendations.  (Doc. 22.) The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is reminded that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991))

IT IS SO ORDERED.

Dated:    **September 25, 2023**                    _____
                                                                              UNITED STATES MAGISTRATE JUDGE