UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JOHNNY AVALOS,<br><br>  Plaintiff,<br><br>  v.<br><br>SARA L. KIRCHEN-ROLPH, *et al.*,<br><br>  Defendants. | Case No. 1:21-cv-00084-CDB (PC)<br><br>ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS<br><br>Doc. 22 |

Plaintiff Vincent Johnny Avalos ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought under 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff commenced this action on January 21, 2021. Doc. 1. Plaintiff filed a first amended complaint on November 2, 2022, Doc. 20 ("FAC"), asserting federal constitutional and state law claims related to blood draws erroneously ordered by the Superior Court in the abstract of judgment for plaintiff's underlying state conviction.[1] Doc. 20. After screening, on

---

[1] Plaintiff was convicted in 2007 of attempted murder. FAC at 10. Plaintiff provides a copy of the abstract of judgment and accompanying minute order in his opposition, which reflect the following superior court order: "Prior to CDC release, submit to HIV/AIDS test purs[uant to] 1202.1[ Penal Code]/1202.6[ Penal Code] to be conducted by med staff w/RSO. Results for[warded] to Clerk of Court for distrib[ution[.]" Opp'n at 40. In a related habeas corpus

1  September 12, 2023, the assigned magistrate judge issued findings and recommendations
2  recommending dismissal with prejudice for failure to state a claim.  Doc. 22 at 1.  The magistrate
3  judge additionally found that plaintiff's claims were time barred and that equitable tolling did not
4  apply.  *Id.* at 9.  Plaintiff timely filed objections to the findings and recommendations.  Doc. 25.

5  In accordance with the provisions of 28 U.S.C. § 636(b)(1), this Court has conducted a de
6  novo review of this case.  After carefully reviewing the file, the Court adopts the findings and
7  recommendations in part.

8  I.  Statute of Limitations

9  On the present record, the Court cannot find that Plaintiff's claims are time barred.  The
10  accrual date of a § 1983 claim is a matter of federal law, "governed by federal rules conforming
11  in general to common-law tort principles."  *Gregg v. Haw., Dep't of Pub. Safety*, 870 F.3d 883,
12  887 (9th Cir. 2017) (citation omitted).  "The general common law principle is that a cause of
13  action accrues when the plaintiff knows or has reason to know of the injury that is the basis of
14  the action and the cause of that injury."  *Id.* (citation omitted).  The Ninth Circuit applies the
15  discovery rule in § 1983 cases in which Eighth Amendment violations are alleged.  *Id.* at 886–
16  87.

17  The issue is when plaintiff knew, or in the exercise of reasonable diligence should have
18  known, of the incorrect abstract of judgment containing the order for blood testing that forms the
19  basis of his claims and asserted injuries.  *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009).
20  The record indicates that plaintiff had been removed from the courtroom and was not present
21  when his judgment was handed down.  Doc. 25 at 39–40.  There is no evidence in the record
22  before the Court that plaintiff was informed at the time of his sentencing of the court-ordered
23  blood testing requirement contained in the abstract of judgment.

24  The findings and recommendations ("F&R") conclude that plaintiff's claims are time

---

proceeding in the California Court of Appeal, the appellate court concluded that the abstract of judgment was incorrect because plaintiff had not been convicted of any enumerated offense under Penal Code § 1202.1 and ordered, among other things, removal of the language requiring plaintiff to undergo HIV blood draws.  *In re Avalos*, No. E069973, 2019 WL 151549, at *6–7 (Cal. Ct. App. Jan. 10, 2019).

2

1    barred because plaintiff knew or should have known about the court order requiring blood testing
2    by late 2015.  Doc. 22 at 8.  The F&R relies on an October 27, 2015 letter between the Superior
3    Court and CDCR that indicated plaintiff was subjected to a court-ordered blood draw around that
4    time frame, concluding that plaintiff's claim accrued by that date.  *Id.*  In his objections, plaintiff
5    challenges the F&R's finding that the 2015 letter placed him on notice of the court order in the
6    underlying abstract of judgment.  Doc. 25 at 9.

7         The October 27, 2015 letter from the Superior Court does not indicate whether plaintiff
8    knew the blood draw was pursuant to a wrongful court order connected to the abstract of
9    judgment.  *See* Doc. 25 at 50.  That letter forwards plaintiff's blood draw test results to the
10   Department of Justice pursuant to Penal Code 1202.1, without further explanation.  *Id.*
11   Moreover, the Department of Justice's November 12, 2015 response to the Superior Court's
12   letter does not indicate whether plaintiff was informed about the existence or nature of the blood
13   draw order.  *Id.* at 52.  The agency's response simply stated that because the associated charges
14   were not convictions covered under Penal Code 1202.1, it was returning the blood test results to
15   the Superior Court.  *Id.*  Plaintiff alleges in the FAC that these 2015 communications were
16   confidential and that he did not have access to them at that time.  FAC at 15.  Finally, while the
17   California Court of Appeal's January 10, 2019 order referenced the Department of Justice's
18   November 2015 letter in its decision ordering modification of the abstract of judgment, that court
19   made no finding regarding when plaintiff knew or should have known of the asserted basis for
20   the blood tests.  *See In re Avalos*, 2019 WL 151549, at *6.

21        In the FAC, plaintiff states that he "did not even know why he was being subjected to and
22   submitting to so much blood testing," and that "[i]t was not until he refused the blood withdraw
23   on March 28, 2017, that he was told that he 'cannot refuse' because as it was for a 'court order.'"
24   FAC at 15.  The October and November 2015 correspondence between the Superior Court and
25   the California Department of Justice do not contradict plaintiff's allegation that, prior to
26   March 28, 2017, he was unaware that the blood tests were being imposed on him pursuant to the
27   erroneous abstract of judgment.

28        The Court concludes plaintiff's claim did not accrue until March 28, 2017, when plaintiff

was told by prison employees that the blood draws were by court order. At that point, plaintiff had a basis to question the legality of the blood draws and suspect an error in the court order. "[T]he statute of limitations begins to run when the plaintiff suspects or should suspect that [his] injury *was caused by wrongdoing, that someone has done something wrong to* [him]." *Ward v. Westinghouse Canada, Inc.*, 32 F.3d 1405, 1407 (9th Cir. 1994) (citation omitted and emphasis in original). Plaintiff then filed his state habeas petition requesting amendment of the abstract of judgment to exclude the order for blood testing in December 2017, which indicates he understood by then that the source of the imposed testing was the erroneous abstract of judgment. 2019 WL 151549, at *2. Accordingly, when plaintiff filed this civil rights complaint on January 21, 2021, it was timely filed within the statutory limitations period.[2] Cal. Civ. Proc. Code § 352.1(a) (qualifying inmates entitled to tolling have four years to bring section 1983 claims in California).

II.     Substantive Claims

    A.     First Amendment Retaliation and Right to Access the Court Claims

The findings and recommendations did not specifically address these substantive claims. Plaintiff alleges that his right of meaningful access to the trial court was violated when County of Riverside Superior Court staff erroneously altered, without authorization, the abstract of judgment underlying his criminal conviction. FAC at 13–14. Plaintiff additionally claims that by removing him from the courtroom, court staff members intentionally retaliated against him for invoking his right to counsel during his sentencing hearing. *Id.* at 14.

A prisoner's right to access the courts is a fundamental constitutional entitlement.[3] *See*

---

[2] Four years from March 28, 2017, falls on March 28, 2021. Plaintiff's complaint was timely filed on January 21, 2021. Doc. 1. Plaintiff also argues that he is entitled to equitable tolling. Doc. 25 at 10–11. As plaintiff's claim was timely filed, the Court need not analyze whether equitable tolling would apply.

[3] While plaintiff had not yet been sentenced at the time of the alleged constitutional violations, the Riverside Superior Court public docket reflects that plaintiff had earlier been convicted of certain felonies; in such a situation, the Ninth Circuit deems plaintiff to be a "sentenced inmate." *See Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (concluding that, after a trial or after a plea, the state acquires the power to punish, which compels a finding that plaintiff is a sentenced inmate rather than a pretrial detainee).

*Lewis v. Casey*, 518 U.S. 343, 346 (1996) (internal citation omitted). "Under the First Amendment, a prisoner has both a right to meaningful access to the courts and a broader right to petition the government for redress of grievances." *Silva v. Di Vittorio*, 658 F.3d 1090, 1101–02 (9th Cir. 2011), *overruled on other grounds as recognized in Richey v. Dahne*, 807 F.3d 1202, 1209 n.6 (9th Cir. 2015). Moreover, a First Amendment retaliation claim may state a valid cause of action under § 1983. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). To state a claim for First Amendment retaliation, a prisoner must allege that (1) a state actor took an adverse action against him (2) because of (3) the prisoner's protected conduct, and that the action taken against him (4) chilled the prisoner's exercise of his First Amendment rights and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).

The Court finds that plaintiff has not adequately stated claims against defendants C. Reed and A. Gonzalez, deputy clerks of the Superior Court of California, County of Riverside.[4] Plaintiff alleges that the deputy clerks erroneously included the blood testing requirement in the abstract of judgment. FAC at 13–14. The California Court of Appeal found that this was a "clerical error" in the abstract of judgment. *In re Avalos*, 2019 WL 151549, at *6. This act is part of the judicial process and, although the blood testing requirement was erroneously added to the abstract of judgment, "[c]ourt clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (citations omitted). Therefore, dismissal of plaintiff's claims, without leave to amend, against Superior Court deputy clerks C. Reed and A. Gonzalez is appropriate. 28 U.S.C. § 1915(e)(1)(2)(B)(iii) ("[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . seeks monetary relief against a defendant who is immune from such relief.").

---

[4] Plaintiff additionally names defendants Sara L. Kirchen-Rolph, Michelle Loyd, Megan Brinkmeyer, J. Ortiz, A. Martinez, Stephanie Rodriguez, John Doe(s), Jane Doe(s), Godwin Ugwueze, Doctor Julius, and Stu Sherman in this claim, but fails to explain how they participated in the state court sentencing hearing. Plaintiff alternatively claims they are each liable under a theory of *respondeat superior*, but, as addressed in the findings and recommendations, plaintiff cannot assert a section 1983 claim based on this theory.

B.     Respondeat Superior

As to the *respondeat superior* claim, plaintiff cannot pursue this theory of liability, as the magistrate judge correctly noted. Dismissal of this claim without leave to amend is appropriate.

C.     Official Versus Individual Capacity Claims

The magistrate judge correctly found that plaintiff appears to be suing the defendants in their personal capacities. Where the plaintiff is seeking damages against a state official, as here, a strong presumption is created in favor of a personal-capacity suit because an official-capacity suit for damages is barred by the Eleventh Amendment. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016).

D.     Fourteenth Amendment Due Process Claim

As the magistrate judge correctly noted, the Fourteenth Amendment's Due Process Clause does not afford plaintiff protection from a blood draw done in a medically acceptable manner. Doc. 22 at 12 (citing *Schmerber v. California*, 384 U.S. 757, 759–61 (1966)).

Plaintiff argues in his objections that officials failed to comply with the procedural requirements of California Penal Code sec. 7510 *et seq*. that permit a person to appeal a decision to be HIV screened prior to the testing. Doc. 25 at 6, 15. This argument fails for two reasons. First, the provisions of the California Penal Code cited by plaintiff apply when a law enforcement officer who believes he may have come into contact with bodily fluids of an inmate or arrestee reports the incident to a chief medical officer, in turn, decides whether to require the inmate or other person to submit to HIV testing. Thus, the cited provisions have no applicability here. Second, even if the provisions did apply, a violation of state law as claimed by plaintiff may form the basis for a Section 1983 action only if it results in the deprivation of a right protected by the United States Constitution. *E.g., Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 370 (9th Cir. 1996) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.").

Dismissal of this claim without leave to amend is appropriate.

6

E.  Excessive Force and Search and Seizure Claims

The Court also adopts the findings and recommendations as to plaintiff's allegations concerning the conducting of the blood draws prior to the Court of Appeal's January 10, 2019 decision. As to such claims, the Court adopts the magistrate judge's findings.

In his objections, plaintiff asserts that CDCR has continued to subject him to unauthorized blood draws notwithstanding the Court of Appeals' January 10, 2019 decision and the subsequent modification of the abstract of judgment to remove the court order for blood testing. Ongoing extraction of blood pursuant to an invalid order alone, without more, may not constitute a legitimate penological objective. *Walker v. Sumner*, 917 F.2d 382, 387 (9th Cir. 1990) (involuntary AIDS testing may violate a prisoner's constitutional rights absent a showing that the testing is reasonably related to a penological goal).

In the FAC, plaintiff alleged the HIV/AIDS blood draws continued after January 2019 pursuant to the now-invalid court order, "even after the Superior Court of California County of Riverside [] twice 'ordered' CDCR to stop illegally taking Plaintiff's blood for HIV/AIDS testing and 'comply with their order to stop.'" *See* FAC at 21. With his objections, plaintiff provides a purported lab result of such a test in 2021. Doc. 25 at 23. However, plaintiff fails to allege which defendants ordered or conducted such tests after the January 10, 2019 Court of Appeals decision and fails to allege specific facts concerning that testing. While the FAC fails to sufficiently state a claim that defendants continued to subject him to unauthorized blood draws notwithstanding the Court of Appeals' January 2019 decision and the subsequent modification of the abstract of judgment to remove the court order for blood testing, the Court will grant plaintiff leave to amend as to this claim.

Plaintiff may file a Second Amended Complaint, if any, within **30 days** of the date of this Order. In any Second Amended Complaint, plaintiff must specifically set forth factual allegations with respect to the alleged blood draws and testing after January 10, 2019, including the specific alleged conduct by each defendant.

Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in

7

itself, without reference to any prior or superseded pleading, Local Rule 220.  Therefore, in an amended complaint the claim and the involvement of each defendant must be sufficiently alleged.

  F. <u>State Law Claims</u>

With respect to his state law claims, plaintiff argues in his objections that the magistrate judge incorrectly concluded he did not timely comply with California's Government Claims Act ("GCA"), which requires that a claim against the State or its employees "relating to a cause of action for death or for injury to person" be presented to the Department of General Services' Government Claims Program no more than six months after the cause of action accrues.  Doc. 22 at 15-16; Doc. 25 at 17.  Plaintiff includes as an exhibit to his objections an application to the California Victim Compensation Board on April 27, 2020.  Doc. 25 at 91–92.  For purposes of the GCA, the accrual date of the cause of action is the date on which the plaintiff discovers or has reason to discover the cause of action.  *Norgart v. Upjohn Co*., 21 Cal.4th 383, 389 (1999).  Here, even assuming plaintiff's application to the California Victim Compensation Board on April 27, 2020, otherwise met all other statutory requirements, the submission date of this application falls far outside the six-month period within which a plaintiff must submit his claim.  Dismissal of this claim is therefore appropriate.

  G. <u>Declaratory Relief</u>

Dismissal of the declaratory relief claim is also appropriate as plaintiff is seeking damages for the alleged constitutional violations.  "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties."  *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985).

  Accordingly, it is HEREBY ORDERED:

1. The findings and recommendations issued on September 12, 2023, (Doc. 22), are ADOPTED IN PART, as set forth above;
2. Plaintiff's claim that the defendants continued to subject him to unauthorized blood draws, notwithstanding the Court of Appeals' January 2019 decision and the

      subsequent modification of the abstract of judgment to remove the court order for blood testing, is dismissed with leave to amend;

3. All remaining claims are dismissed without leave to amend;

4. Plaintiff may file a second amended complaint **within thirty (30) days** of the date of service of this order, addressing plaintiff's claim that the defendants continued to subject him to unauthorized blood draws notwithstanding the Court of Appeals' January 2019 decision and the subsequent modification of the abstract of judgment to remove the court order for blood testing;

5. If plaintiff fails to timely file a second amended complaint, this action will be dismissed for failure to state a claim upon which relief may be granted.

6. The matter is returned to the assigned magistrate judge for proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   June 2, 2025

                                          UNITED STATES DISTRICT JUDGE