1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VINCENT JOHNNY AVALOS,

Plaintiff,

v.

SARA L. KIRCHEN-ROLPH, *et al.*,

Defendants.

Case No. 1:21-cv-00084-KES-CDB (PC)

ORDER DENYING PLAINTIFF'S |MOTION TO APPOINT COUNSEL

(Doc. 41)

Plaintiff Vincent Johnny Avalos is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983. On July 7, 2025, Plaintiff filed the operative, second amended complaint ("SAC").[1] (Doc. 39).

Pending before the Court is Plaintiff's motion to appoint counsel, filed on September 2, 2025. (Doc. 41). In support, Plaintiff represents that he is unable to afford counsel, his imprisonment will greatly limit his ability to properly litigate the case which involves complex issues, and trial counsel would better enable him to present evidence and cross examine witnesses at trial. *Id.* ¶¶ 1-3. Plaintiff further represents that he has signed a legal services contract with attorney Royal DL Bond on July 16, 2024. *Id.* ¶¶ 4, 5.

///

_____

[1] On August 18, 2025, the undersigned screened Plaintiff's SAC and issued findings and recommendations to dismiss certain claims and defendants, which are pending before the assigned District Judge. (Doc. 40).

1          **Motion to Appoint Counsel**

2          *A.      Governing Authority*

3          Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions.

4   *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d

5   952, 954 n.1 (9th Cir. 1998).  Nor can the Court require an attorney to represent a party under 28

6   U.S.C. § 1915(e)(1).  *See Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 304-05 (1989).  However, in

7   "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant

8   to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

9          Given that the Court has no reasonable method of securing and compensating counsel, the

10  Court will seek volunteer counsel only in extraordinary cases.  In determining whether "exceptional

11  circumstances exist, a district court must evaluate both the likelihood of success on the merits [and]

12  the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal

13  issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks & citations omitted).

14         *B.      Analysis*

15         First, the Court must evaluate the likelihood of Plaintiff's success on the merits of his

16  claims.  *Rand*, 113 F.3d at 1525.  As noted above, the screening of Plaintiff's SAC is pending before

17  the Court.  *See* (Doc. 40).  At screening, the Court is tasked with determining whether a plaintiff

18  has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief.

19  Further, the merits of the allegations are not tested, for the Court is to consider factual allegations

20  to be true for purposes of screening.  No determination has yet been made as to the merits of

21  Plaintiff's claims.  Therefore, a likelihood of success on the merits determination is premature.  *See,*

22  *e.g.*, *Porter v. Rivas*, No. 1:23-cv-00105- ADA-CDB (PC), 2023 WL 4765492, at *1 (E.D. Cal.

23  July 26, 2023).

24         Next, the Court must evaluate Plaintiff's ability to articulate his claims pro se considering

25  the complexity of the legal issues involved.  *Rand*, 113 F.3d at 1525.  In this case, the Court notes

26  that Plaintiff's filings reflect he is logical and articulate.  *See, e.g.* (Docs. 1, 13, 17, 20, 23, 39);

27  *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987) (affirming district court's denial of request for

28  appointment of counsel, where pleadings demonstrated plaintiff had "a good understanding of the

issues and the ability to present forcefully and coherently his contentions"). Further, neither the claims asserted nor the relevant events and transactions are complex. *See Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (explaining that "[a]lthough discovery was essential … the need for such discovery does not necessarily qualify the issues involved as 'complex'"). Indeed, Plaintiff's claims for violations of the Fourth Amendment's prohibition on unlawful search and seizure, the Eighth Amendment's prohibition on deliberate indifference to serious medical needs, and the Fourteenth Amendment's Due Process Clause, such as presented here, are common and not ordinarily complex. *See, e.g., Maldanado v. Merritt*, No. 1:23-cv-00482-JLT-SKO (PC), 2023 WL 6751114, at *3 (E.D. Cal. Oct. 12, 2023) ("Eighth Amendment deliberate indifference to serious medical needs claims are not complex"); *Lane v. Beach*, No. 1:20-cv-00147-JLT-GSA (PC), 2023 WL 4936300, at *1 (E.D. Cal. Aug. 2, 2023) (same); *Ireland v. Solano Cnty. Jail,* No. CV-08-2707-LRS, 2010 WL 367776, at *1 (E.D. Cal. Jan. 26, 2010) (same); *Andre-Gollihar v. County of San Joaquin*, No. 2:09-cv-03313 MCE KJN PS, 2010 WL 2925358, at *2 (E.D. Cal. July 26, 2010) ("plaintiff's claims of excessive force … are not complex"); *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel"). In short, the Court finds Plaintiff able to articulate his claims in light of their complexity.

To the extent Plaintiff relies upon his indigency and incarceration to support his motion, those circumstances do not qualify as exceptional circumstances warranting the appointment of counsel. *See Suarez v. Clark*, No. 1:22-cv-00160-JLT-SAB (PC), 2024 WL 477982, at *1 (E.D. Cal. Jan. 25, 2024) ("the Court has 'repeatedly' held incarceration's challenges on litigation do not constitute an exceptional circumstance. [] If Plaintiff's incarceration was an exceptional circumstance, any prisoner would be entitled to counsel"); *Dijkstra v. Campos*, No. 1:21-cv-01223-HBK, 2022 WL 222518, at *1 (E.D. Cal. Jan. 25, 2022) ("Plaintiff's indigence does not qualify 'as an exceptional circumstance in a prisoner civil rights case'"); *Gipbsin v. Kernan*, No. 2:12-cv-0556

1    KJM DB P, 2021 WL 242570, at *2 (E.D. Cal. Jan. 25, 2021) ("Plaintiff's inability to afford counsel

2    has no bearing on either his likelihood of success on the merits or his ability to articulate his claims

3    pro se"); *Robinson v. Cryer*, No. 1:20-cv-00622-HBK (PC), 2021 WL 9541411, at *1 (E.D. Cal.

4    Jan. 11, 2021) ("Although Plaintiff is proceeding *pro se* and is incarcerated, he faces the same

5    obstacles all *pro se* prisoners face"). *Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL

6    6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his

7    lack of education, nor his lack of legal expertise warrant the appointment of counsel"); *Galvan v.*

8    *Fox*, No. 2:15-CV-01798-KJM (DB), 2017 WL 1353754, at *8 (E.D. Cal. Apr. 12, 2017) (same).

9           Further, the fact an attorney may be better able to perform research, investigate, and

10   represent Plaintiff during trial does not amount to an exceptional circumstance.  *Rand*, 113 F.3d at

11   1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied

12   appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in

13   the realm of discovery and the securing of expert testimony").  There is little doubt most pro se

14   litigants "find it difficult to articulate [their] claims," and would be better served with the assistance

15   of counsel.  *Wilborn*, 789 F.2d at 1331.  For this reason, in the absence of counsel, federal courts

16   employ procedures which are highly protective of a pro se litigant's rights.  *See Haines v. Kerner*,

17   404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam).  In

18   fact, where a plaintiff appears pro se in a civil rights case, the court must construe the pleadings

19   liberally and afford the plaintiff any benefit of the doubt.  *Karim–Panahi v. Los Angeles Police*

20   *Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  The rule of liberal construction is "particularly important

21   in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  Thus, where a pro

22   se litigant can "articulate his claims" in light of the relative complexity of the matter, the

23   "exceptional circumstances" which might require the appointment of counsel do not exist.  *Wilborn*,

24   789 F.2d at 1331; *see Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Ricks v. Austria*, No.

25   1:15-cv-01147-BAM (PC), 2016 WL 1734326, at *2 (E.D. Cal. May 2, 2016) (while a pro se

26   litigant may be better served with the assistance of counsel were the case to proceed to trial, the

27   court need not appoint counsel if plaintiff can articulate his claims and exceptional circumstances

28   do not exist); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7

(S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

The test is not whether Plaintiff would benefit from the appointment of counsel; the test is whether exceptional circumstances exist. Here, no exceptional circumstances exist warranting the appointment of counsel. Thus, Plaintiff's motion will be denied.

Based on Plaintiff's representations that he signed a purported legal services contract with attorney Royal DL Bond, it is unclear to the Court whether Plaintiff seeks to communicate to the Court that he now is represented by counsel. To the extent Plaintiff represents he has privately retained counsel, he is advised that counsel is required under the Local Rules to properly be admitted to practice in the eastern District of California and file a notice of appearance on behalf of Plaintiff. *See* Local Rules 131(a), 135(g), 182(a). To the extent Plaintiff seeks for the Court to underwrite the fees for any retained attorney, Plaintiff cites no authority that the Court under these circumstances is authorized to do so.

**Conclusion and Order**

Accordingly, it is hereby ORDERED that Plaintiff's motion for appointment of counsel (Doc. 41) is DENIED.

IT IS SO ORDERED.

Dated:   **September 3, 2025**   _____
                               UNITED STATES MAGISTRATE JUDGE