UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JOHNNY AVALOS, | Case No.: 1:21-cv-00084-KES-CDB (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF 90 DAYS WITHIN WHICH TO IDENTIFY JANE DOE OR JOHN DOE |
| v. | |
| SARA L. KIRCHEN-ROLPH, *et al.*, | (Doc. 43) |
| Defendants. | |

Plaintiff Vincent Johnny Avalos ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.  Following screening, this action proceeds on Plaintiff's second amended complaint, filed July 7, 2025, against Defendants Julius P&S Metts and "Jane Doe or John Doe" ("Defendants") for claims under the Fourth Amendment arising from the blood draw on February 11, 2021.  (Doc. 43 at 2).

The Court now addresses the issue of Plaintiff's need to identify "Jane Doe or John Doe" against whom his claims proceed.

**Discussion**

Defendant "Jane Doe or John Doe" is allegedly employed as a medical staff member at California Substance Abuse Treatment Facility (SATF) and is presently unknown to Plaintiff. Plaintiff alleges that Defendant Jane or John Doe deceived and subjected Plaintiff to a blood draw on February 11, 2021.

Plaintiff is advised that the United States Marshals Service cannot serve Doe defendants. Plaintiff will be required to identify Jane or John Doe with enough information to locate this defendant for service of process. Plaintiff will be given the "'opportunity through discovery to identify the unknown (Doe) defendant[].'" *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013).

As previously noted, although Plaintiff states plausible claims against this unknown individual, the Court will not require service at this time. The Ninth Circuit has held that where identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Here, it is unclear whether discovery would not uncover the identity of Jane or John Doe. Nor is there any indication that Plaintiff's operative complaint would be dismissed on other grounds. *See* (Doc. 43) (Order Adopting Findings and Recommendations. Dismissing Certain Claims and Defendants, and Directing the Action Proceed on the Cognizable Claim). Thus, Plaintiff should be afforded an opportunity to discover the identity of Jane or John Doe through limited discovery.

Initially, the Court notes Plaintiff may wish to seek the identity of Jane or John Doe through other means. For example, Plaintiff might use a CDCR Form 22 to learn the identity of Jane or John Doe, the officials involved in the handling of Plaintiff's mail and packages during the relevant period. Plaintiff might also request copies of other relevant records that may include the actual name of Jane or John Doe. *See, e.g.*, *Thompson v. Allison*, No. 23-cv-05079-HSG, 2024 WL 4394759, at *3 (N.D. Cal. Oct. 3, 2024) ("Plaintiff may be able to obtain the names of these [Jane or John Doe] individuals by accessing his classification records or using the CDCR Form 22"). Otherwise, Plaintiff may request the Court issue a subpoena to obtain the necessary information.

Rule 45 of the Federal Rules of Civil Procedure concerns subpoenas. Plaintiff is advised the Court's authorization of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R.

Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the relevance of the information sought, as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45.

A motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010 WL 1948560, *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS (PC), 2010 WL 148703, *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. *Id*.

Finally, the Court notes that if Plaintiff has learned the name of Jane or John Doe since filing his second amended complaint, and/or does not require a subpoena to obtain this individual's identity, Plaintiff shall file a notice of substitution with the Court, asking to substitute that individual's actual name for Jane or John Doe.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

Accordingly, the Court **GRANTS Plaintiff (90) days** in which to discover the identity of Jane or John Doe, through subpoena or otherwise, and to substitute this Defendant's actual name by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163.

If, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual name of Jane or John Doe, the Court will recommend dismissal, without prejudice, of Defendant Jane or John Doe.

IT IS SO ORDERED.

Dated:    **February 24, 2026**

_____
UNITED STATES MAGISTRATE JUDGE