UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JOHNNY AVALOS, | Case No.: 1:21-cv-00084-KES-CDB (PC) |
| Plaintiff, | ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S REQUEST FOR EXPANDED WRITTEN DISCOVERY |
| v. | |
| SARA L. KIRCHEN-ROLPH, *et al.*, | (Doc. 48) |
| Defendants. | |

**Relevant Background**

Plaintiff Vincent Johnny Avalos ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.  Following screening, this action proceeds on Plaintiff's second amended complaint, filed July 7, 2025, against Defendants Julius P&S Metts and "Jane Doe or John Doe" ("Defendants") for claims under the Fourth Amendment arising from the blood draw on February 11, 2021.  (Doc. 43 at 2).

On February 25, 2026, the Court granted Plaintiff 90 days (*i.e.*, by May 29, 2026) within which to discover the identify of Defendant "Jane Doe or John Doe," through subpoena or otherwise, and to substitute this Defendant's actual name by filing a notice of substitution.  (Doc. 44).  In the order, the Court noted that "Plaintiff may wish to seek the identity of Jane or John Doe through other means[,]" including through a CDCR Form 22, by requesting copies of other relevant records that may include that Defendant's name, or through a motion with the Court for

issuance of a subpoena duces tecum.  *See id.* at 2-3.  Plaintiff was advised that "[i]f, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual name of Jane or John Doe, the Court will recommend dismissal, without prejudice, of Defendant Jane or John Doe."  *Id.* at 4 (emphasis removed).

That same day, the Court found service appropriate to Defendant Julius P&S Metts and ordered service to be effected upon that Defendant.  (Doc. 45).

**Order Denying Without Prejudice Plaintiff's Request Regarding Discovery**

Pending before the Court is Plaintiff's motion requesting that he be allowed to submit more than 25 interrogatories against all Defendants, including Doe Defendants, in discovery, filed on March 27, 2026.  (Doc. 48).  Plaintiff represents he will not be able to obtain the necessary information needed to prosecute his case against the Doe defendants without being able to properly identity said Doe defendant in this case.  *Id.* at 1.  He represents that in light of his indigent status, he does not have the necessary funding to obtain depositions or inspect documentary evidence which may or may not be part of the record, and he "cannot pay for production of documents needed to further the case[.]"  *Id.*  He therefore moves to support the need for the possibility of more than 25 interrogatories to ensure a fair opportunity at discovery.  *Id.*

Here, Plaintiff's representation that he will not be able to prosecute his case without being permitted additional written discovery in order to identify the Jane or John Doe Defendant is premature.  As noted above, and in the Court's order granting Plaintiff 90 days within which to identify Jane or John Doe (Doc. 44), Plaintiff was advised of the various means in which he may seek limited discovery to learn the identity of Jane or John Doe, including by a motion for issuance of a subpoena duces tecum.  To date, Plaintiff has not filed any said motion nor has he informed the Court why he cannot otherwise discover the identity of Jane or John Doe through the limited discovery period provided.

Additionally, the Court notes that Defendant Julius P&S Metts has not yet appeared or responded to the complaint – accordingly, the Court is unable to grant the relief Plaintiff seeks because no Defendant has joined the action.  Therefore, Plaintiff's request for expanded written discovery is premature and will be denied.  The Court reiterates that, even before any Defendant

2

appears, Plaintiff retains recourse to requesting the Court issue a subpoena relating to identification of any Doe defendants.

### Conclusion and Order

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for expanded written discovery (Doc. 48) is DENIED without prejudice.

Plaintiff is reminded of the May 29, 2026, deadline in which to discover the identity of Jane or John Doe, through subpoena or otherwise, and to substitute this Defendant's actual name by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163.

IT IS SO ORDERED.

Dated:    **April 1, 2026**    _____

UNITED STATES MAGISTRATE JUDGE

3