UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JOHNNY AVALOS, | Case No. 1:21-cv-00084-KES-CDB (PC) |
| Plaintiff, | ORDER DENYING DEFENDANT JULIUS P&S METTS'S MOTION TO STAY DISCOVERY WITHOUT PREJUDICE |
| v. | |
| JULIUS P&S METTS, *et al.*, | (Doc. 58) |
| Defendants. | |

Plaintiff Vincent Johnny Avalos ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.

**Relevant Background**

Following screening, this action proceeds on Plaintiff's second amended complaint ("SAC"), filed July 7, 2025, against Defendants Julius P&S Metts ("Metts") and "Jane Doe or John Doe" ("Defendants") for claims arising under the Fourth Amendment. (Doc. 43 at 2).

On April 28, 2026, Defendant Metts filed an answer to the SAC. (Doc. 51). On May 1, 2026, the Court issued its discovery and scheduling order. (Doc. 55).

**Discussion**

Pending before the Court is Defendant Metts's motion to stay discovery, filed on May 14, 2026. (Doc. 58). Metts seeks the Court enter an order staying discovery pending a ruling on its "planned summary-judgment motion based on Plaintiff['s] … failure to exhaust administrative

remedies" and asserts good cause exists for the requested relief because Metts intends to file the motion "by no later than July 31, 2026." *Id.* at 1; (Doc. 58-1 at 1). Metts contends it "should not be subjected to the burdens and expense of additional discovery pending resolution of his summary-judgment motion, as that motion will likely result in dismissal of the case without the need for merits-based discovery." (Doc. 58-1 at 2).

Although Plaintiff has not yet filed a response to Defendant Metts's motion to stay discovery, the Court deems one unnecessary before ruling on the motion.

District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066-67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

In considering a stay of proceedings, a court must the weigh competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

Metts's representation of an intention to file an anticipated motion for summary judgment by July 31, 2026—over two months from the date of this order—does not establish good cause to halt discovery in this action, which opened on May 1, 2026 (Doc. 55). In particular, Metts's desire to avoid responding to Plaintiff's pending discovery requests solely to facilitate over the next two months the drafting and filing of an anticipated motion for summary judgment, without any other basis, does not promote the orderly course of justice as it effectively would deprive Plaintiff of a

substantial amount of time to engage in discovery to prosecute his claims.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Defendant Julius P&S Metts's motion to stay discovery (Doc. 58) is DENIED without prejudice; and

2. The dates and deadlines of the Discovery and Scheduling Order (Doc. 55) remain in effect, including as to the parties' time to respond to written discovery requests. *See id.* at 1 ¶ 2.

IT IS SO ORDERED.

Dated:    **May 15, 2026**

_____
UNITED STATES MAGISTRATE JUDGE