UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JOHNNY AVALOS,<br><br>Plaintiff,<br><br>v.<br><br>JULIUS P&S METTS, *et al.*,<br><br>Defendants. | Case No. 1:21-cv-00084-KES-CDB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO DISCOVER THE IDENTITY OF DEFENDANT JANE OR JOHN DOE<br><br>(Doc. 61)<br><br><u>July 29, 2026, Deadline</u> |

Plaintiff Vincent Johnny Avalos ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.

**Relevant Background**

Following screening, this action proceeds on Plaintiff's second amended complaint ("SAC"), filed July 7, 2025, against Defendants Julius P&S Metts ("Metts") and "Jane Doe or John Doe" ("Defendants") for claims arising under the Fourth Amendment. (Doc. 43 at 2).

On February 24, 2026, the Court granted Plaintiff 90 days (*i.e.*, by May 29, 2026) within which to discover the identify of Defendant "Jane Doe or John Doe," through subpoena or otherwise, and to substitute this Defendant's actual name by filing a notice of substitution. (Doc. 44). In the order, the Court noted that "Plaintiff may wish to seek the identity of Jane or John Doe through other means[,]" including through a CDCR Form 22, by requesting copies of other relevant records that may include that Defendant's name, or through a motion with the Court for issuance

of a subpoena duces tecum.  *See id*. at 2-3.  Plaintiff was advised that "[i]f, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual name of Jane or John Doe, the Court will recommend dismissal, without prejudice, of Defendant Jane or John Doe."  *Id*. at 4 (emphasis removed).  That same day, the Court found service appropriate to Defendant Julius P&S Metts and ordered service to be effected upon that Defendant.  (Doc. 45).

On April 1, 2026, the Court denied Plaintiff's motion for expanded written discovery without prejudice.  (Doc. 48).  The Court found that Plaintiff's request for additional written discovery is premature as no Defendant had joined the action at the time.  *Id.* at 2.  Plaintiff was reminded that he "retain[ed] recourse to requesting the Court issue a subpoena relating identification of any Doe defendants" and of the May 29, 2026, deadline in which to discover the identity of Jane or John Doe, through subpoena or otherwise, and to substitute this Defendant's actual name by filing a "notice of substitution."  *Id.* at 3 (citing *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)).

On April 28, 2026, Defendant Metts filed an answer to the SAC.  (Doc. 51).  On May 1, 2026, the Court issued its discovery and scheduling order.  (Doc. 55).  On May 15, 2026, the Court denied Defendant Julius P&S Metts's motion to stay discovery without prejudice.  (Doc. 59).

**Discussion**

Pending before the Court is Plaintiff's motion for a 60-day extension of time to July 29, 2026, to discover the identity of Defendant Jane or John Doe, filed on May 26, 2026.  (Doc. 61).  Plaintiff represents that he has made the request for the name of "the Nurse or person that took his blood on February 11, 2021" and attaches a record from the Calipatria State Prison Medical Records Department showing that "the 'copies' were in fact 'sent out' to him on April 20, 2026."  *Id.* at 1; *see id.* at 4-6.  Plaintiff represents that the medical records department "refuses" to identify themselves in the two pages sent "with some" of the requested medical records provided to him.  *Id.* at 2.  Plaintiff requested the name or names of the individual that Defendant Julius P&S Metts ordered to take blood from Plaintiff on February 11, 2021 in the "process of 'following' the Court's 'directives' to discover the name of John or Jane Doe."  *Id.*  Plaintiff therefore moves for a 60-day extension in order to compel the ordering provider that requested the Doe Defendant to do the blood

2

draw because "[c]learly [D]efendant J. Metts must know who he had take blood from one of his former patient[s]." *Id.*

Although Plaintiff was advised previously of the various means in which he may seek limited discovery to learn the identity of the Doe Defendant, including by a motion for issuance of a subpoena duces tecum, and to date, Plaintiff has not filed any said motion through the limited discovery period provided, Plaintiff's representations demonstrate his efforts to discover the identity of the Doe Defendant through a request for state prison medical records and directly through Defendant Julius P&S Metts. Accordingly, the Court finds good cause to grant Plaintiff a 60-day extension to July 29, 2026, in which to discover the identity of Jane or John Doe and to substitute this Defendant's actual name by filing a "notice of substitution."

The Court reminds Plaintiff that he has recourse to other avenues for discovering the identities of Jane or John Doe, including, now that discovery has opened, written discovery requests, such as interrogatories and requests for production of documents that he may propound upon Defendant Metts,

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for an extension of time to discover the identity of Defendant Jane or John Doe (Doc. 61) is GRANTED; and

2. No later than **July 29, 2026**, Plaintiff SHALL discover the identity of Jane or John Doe, through subpoena or otherwise, and to substitute this Defendant's actual name by filing a "notice of substitution." *See Wakefield*, 177 F.3d at 1163.

If Plaintiff fails to file a notice of substitution that provides the actual name of Jane or John Doe by that deadline and fails to show good cause why the time provided was insufficient, the Court will recommend dismissal, without prejudice, of Defendant Jane or John Doe.

IT IS SO ORDERED.

Dated:   **May 27, 2026**                           _____
                                                          UNITED STATES MAGISTRATE JUDGE