UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JOHNNY AVALOS,<br>Plaintiff,<br>v.<br>JULIUS P&S METTS, *et al.*,<br>Defendants. | Case No. 1:21-cv-00084-KES-CDB (PC)<br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUBPOENA<br>(Doc. 66) |

Plaintiff Vincent Johnny Avalos ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.

**Relevant Background**

Following screening, this action proceeds on Plaintiff's second amended complaint ("SAC"), filed July 7, 2025, against Defendants Julius P&S Metts ("Metts") and "Jane Doe or John Doe" ("Defendants") for claims arising under the Fourth Amendment. (Doc. 43 at 2).

On February 24, 2026, the Court granted Plaintiff 90 days (*i.e.*, by May 29, 2026) within which to discover the identify of Defendant "Jane Doe or John Doe," through subpoena or otherwise, and to substitute this Defendant's actual name by filing a notice of substitution. (Doc. 44). In the order, the Court noted that "Plaintiff may wish to seek the identity of Jane or John Doe through other means[,]" including through a CDCR Form 22, by requesting copies of other relevant records that may include that Defendant's name, or through a motion with the Court for issuance

of a subpoena duces tecum. *See id*. at 2-3. Plaintiff was advised that "[i]f, within 90 days, Plaintiff fails to file a notice of substitution that provides the actual name of Jane or John Doe, the Court will recommend dismissal, without prejudice, of Defendant Jane or John Doe." *Id*. at 4 (emphasis removed). That same day, the Court found service appropriate to Defendant Julius P&S Metts and ordered service to be effected upon that Defendant. (Doc. 45).

On April 1, 2026, the Court denied Plaintiff's motion for expanded written discovery without prejudice. (Doc. 48). The Court found that Plaintiff's request for additional written discovery is premature as no Defendant had joined the action at the time. *Id.* at 2. Plaintiff was reminded that he "retain[ed] recourse to requesting the Court issue a subpoena relating identification of any Doe defendants" and of the May 29, 2026, deadline in which to discover the identity of Jane or John Doe, through subpoena or otherwise, and to substitute this Defendant's actual name by filing a "notice of substitution." *Id.* at 3 (citing *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999)).

On April 28, 2026, Defendant Metts filed an answer to the SAC. (Doc. 51). On May 1, 2026, the Court issued its discovery and scheduling order. (Doc. 55). On May 15, 2026, the Court denied Defendant Julius P&S Metts's motion to stay discovery without prejudice. (Doc. 59). On May 27, 2026, the Court granted Plaintiff's motion for an extension of time to no later than July 29, 2026, to discover the identify of Defendant Jane or John Doe through subpoena or otherwise, and to substitute this Defendant's actual name by filing a "notice of substitution." (Doc. 63).

**<u>Discussion</u>**

Pending before the Court is Plaintiff's motion for subpoena and declaration in support thereof, filed on July 21, 2026. (Doc. 66). Plaintiff declares that he requested California Substance Abuse Treatment Facility ("SATF") medical staff and CDCR medical staff at Calipatria State Prison to provide him with the name of the Jane or John Doe individual "that took [his] blood on … February 11, 2021." *Id.* at 5. Because Defendant Metts did not comply with the Court's direction "with respect for providing the name of the John or Jane Doe defendants which took the lab tests/blood at his request[,]" Plaintiff moves for a subpoena to request the name of the phlebotomist, registered nurse, or person authorized to take blood from him on that date. *Id.*

Plaintiff directs his subpoena request to SATF for production to be made by July 23, 2026. *Id.* at 1.

The Ninth Circuit has held that where identity of a defendant is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify unknown defendants unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield*, 177 F.3d at 1163 (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

Rule 45 of the Federal Rules of Civil Procedure governs the issuance and use of subpoenas in this action. The Court's authorization of issuance of a subpoena duces tecum requested by an *in forma pauperis* plaintiff is subject to limitations. Because personal service of a subpoena duces tecum is required (Fed. R. Civ. P. 45(b)), "[d]irecting the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court." *Austin v. Winett*, No. 1:04-cv-05104-DLB PC, 2008 WL 5213414, at *1 (E.D. Cal. Dec. 12, 2008); 28 U.S.C § 1915(d). Limitations include the relevance of the information sought, as well as the burden and expense to the non-party in providing the requested information. Fed. R. Civ. P. 26, 45. Therefore, a motion for issuance of a subpoena duces tecum should be supported by clear identification of the documents sought and a showing that the records are obtainable only through the identified third party. *See, e.g.*, *Davis v. Ramen*, No. 1:06-cv-01216-AWI-SKO (PC), 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010); *Williams v. Adams*, No. 1:05-cv-00124-AWI-SMS (PC), 2010 WL 148703, at *1 (E.D. Cal. Jan. 14, 2010). The "Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena duces tecum." *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991). Non-parties are "entitled to have the benefit of the Court's vigilance" in considering these factors. *Id.*

Here, Plaintiff's request is relevant to his claim and clearly identifies the information he seeks—the name of the Jane or John Doe phlebotomist, nurse, or other individual that took blood from Plaintiff on February 11, 2021, at SATF. Further, Plaintiff's request establishes that the information is obtainable only through the identified third party—SATF, the entity that employed Jane or John Doe and houses the medical records at issue—because Plaintiff's less formal requests

for the information from that entity have gone unanswered. *Davis*, 2010 WL 1948560, at *1; *Williams*, 2010 WL 148703, at *1. Further, the Court finds no indication that the SATF or its medical records department would be burdened by excessive or unusual expenses given Plaintiff's request. *Badman*, 139 F.R.D. at 605; *Austin*, 2008 WL 5213414, at *1.

In sum, the Court will grant Plaintiff's motion. Further, the Court will extend the limited discovery period to allow for issuance of and compliance with the subpoena, and for Plaintiff's submission of a notice to substitute the name of John or Jane Doe named the operative SAC.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for subpoena (Doc. 66) is GRANTED;
2. The Clerk of the Court shall forward the following documents to the United States Marshals Service (USMS):
    a. One completed and issued subpoena duces tecum to be served on:

        California Substance Abuse Treatment Facility
        Medical Records Department
        900 Quebec Avenue
        P.O. Box 7100
        Corcoran, CA 93212

    b. One copy of Plaintiff's second amended complaint and the Court's order adopting the August 18, 2025, findings and recommendations dismissing certain claims and defendants and directing the action proceed on the cognizable claim (Docs. 39, 43);
    c. One completed USM-285 form; and
    d. Two copies of this Order, one to accompany the subpoena and one for the USMS;
3. In completing the subpoena, the Clerk of the Court shall list, as described here, the information or documents requested:

    (1) the name of the individual employee who drew blood from Plaintiff on February 11, 2021, at California Substance Abuse Treatment Facility located at

900 Quebec Avenue, Corcoran, California.

4. Within 30 days from the date of this order, the USMS is DIRECTED to serve the subpoena in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure;
5. The USMS shall effect personal service of the subpoena duces tecum, along with a copy of this Order, a copy of the second complaint (Doc. 39), and a copy of the Court's order adopting the August 18, 2025, findings and recommendations (Doc. 43) upon the individual or entity named in the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c);
6. Within ten days after personal service is effected, the USMS shall file the return of service, along with the costs subsequently incurred in effecting service, and said costs shall be enumerated on the USM-285 form; and
7. Within 30 days after service is effected, the California Substance Abuse Treatment Facility Medical Records Department is directed to serve the responsive information or documents on Plaintiff:

   Vincent Johnny Avalos
   CDCR #F82333
   Calipatria State Prison
   7018 Blair Road
   Calipatria, CA 92233

8. Within 14 days upon receipt of the information or documents identifying the John or Jane Doe defendant, Plaintiff is directed to file a request for substitution with the Court. Once the Court is in receipt of the identifying information for this individual, the Court will issue the appropriate order necessary to effectuate service of process.

*Remainder of This Page Intentionally Left Blank*

9. The limited discovery period is extended an additional 90 days to allow Plaintiff to comply with the Court's order to identify the Jane or John Doe Defendant and to file a request for substitution with the Court.

IT IS SO ORDERED.

Dated: **July 23, 2026**

UNITED STATES MAGISTRATE JUDGE