UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VINCENT JOHNNY AVALOS,

Plaintiff,

v.

JULIUS P&S METTS, *et al.*,

Defendants.

Case No. 1:21-cv-00084-KES-CDB (PC)

ORDER GRANTING IN PART DEFENDANT JULIUS P&S METTS'S MOTION TO STAY DISCOVERY PENDING RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

(Doc. 68)

Plaintiff Vincent Johnny Avalos ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.

**Relevant Background**

Following screening, this action proceeds on Plaintiff's second amended complaint ("SAC"), filed July 7, 2025, against Defendants Julius P&S Metts ("Metts") and "Jane Doe or John Doe" ("Defendants") for claims arising under the Fourth Amendment. (Doc. 43 at 2).

On February 24, 2026, the Court granted Plaintiff 90 days (*i.e.*, by May 29, 2026) within which to discover the identify of Defendant "Jane Doe or John Doe," through subpoena or otherwise, and to substitute this Defendant's actual name by filing a notice of substitution. (Doc. 44). On April 1, 2026, the Court denied Plaintiff's motion for expanded written discovery without prejudice. (Doc. 50). The Court found that Plaintiff's request for additional written discovery is premature as no Defendant had joined the action at the time. *Id.* at 2.

On April 28, 2026, Defendant Metts filed an answer to the SAC. (Doc. 51). On May 1, 2026, the Court issued its discovery and scheduling order. (Doc. 55). On May 15, 2026, the Court denied Defendant Julius P&S Metts's motion to stay discovery without prejudice. (Doc. 59). The Court reasoned that Metts's desire to avoid responding to Plaintiff's pending discovery requests based on an intention to file an anticipated motion for summary judgment more than two months into the future did not establish good cause to halt discovery in this action. *Id.* at 2.

On May 27, 2026, the Court granted Plaintiff's motion for an extension of time (to no later than July 29, 2026) to discover the identify of Defendant Jane or John Doe through subpoena or otherwise, and to substitute this Defendant's actual name by filing a "notice of substitution." (Doc. 63). On July 23, 2026, the Court granted Plaintiff's motion for subpoena, directed the U.S. Marshal to serve the subpoena on the California Substance Abuse Treatment Facility ("SATF"), and extended the limited discovery period an additional 90 days to allow Plaintiff time to comply with the Court's order to identify the Jane or John Doe Defendant and to file a request for substitution with the Court. (Doc. 67 at 7-9).

**<u>Discussion</u>**

Pending before the Court is Metts's motion for protective order to stay discovery pending the Court's ruling on Defendant's motion for summary judgment based on exhaustion and to modify the discovery and scheduling order, filed on July 30, 2026. (Doc. 68). Metts seeks to stay discovery, including but not limited to any obligation to respond to Plaintiff's subpoena, asserting that such protective order is necessary to protect Metts from annoyance, oppression, and undue burden and expense pending resolution of whether Plaintiff properly exhausted available administrative remedies. *Id.* at 2. Metts contends that if Metts's summary judgment motion is successful, this action will be dismissed. *Id.*; (Doc. 68-1 at 3). Although Plaintiff has not yet filed a response to Metts's motion to stay discovery, the Court deems one unnecessary before ruling on the motion.

District courts have broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). The district court "has broad discretion to stay proceedings as an incident to its

power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co*., 299 U.S. 248, 254 (1936)). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co*., 498 F.3d 1059, 1066-67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S*., 208 F.3d 1116, 1119 (9th Cir. 2000). The party seeking the stay bears the burden of establishing the need to stay the action. *Clinton*, 520 U.S. at 708.

In considering a stay of proceedings, a court must the weigh competing interests that will be affected by the grant or refusal to grant a stay, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

The Court has considered the factors identified by the Ninth Circuit in *CMAX*. Although discovery commenced in May 2026, a stay of these proceedings will merely suspend the remaining discovery deadlines until the Court's resolution of the pending motion for summary judgment based on exhaustion of administrative remedies—which may be dispositive of the entire action. If the motion is denied, the Court will issue an amended discovery order with new deadlines. Therefore, no party would be materially disadvantaged by the requested stay. Nor would such a limited stay present unreasonable hardship or inequity to any party and the orderly course of justice favors a stay because resolution of Metts's pending motion for summary judgment has the potential to dispose of this entire action. A limited stay would not complicate the issues, proof, or questions of law and may in fact narrow the issues. *CMAX, Inc*., 300 F.2d at 268; *Dependable Highway Exp., Inc*., 498 F.3d at 1066-67; *Yong*, 208 F.3d at 1119.

While the Court finds good cause to stay further discovery pending resolution of Defendant's motion for summary judgment based on exhaustion, as the Court earlier explained in its order granting Plaintiff's motion for subpoena, "the information [concerning the Doe defendants' identity] is obtainable only through the identified third party[, SATF,] because Plaintiff's less formal requests for the information from that entity have gone unanswered." (Doc.

67 at 3). The Court is not persuaded that the *CMAX* factors favor staying the subpoena recipient's duty to respond to the subpoena in a timely manner. First, the Court disagrees with Defendant that any grant by the Court of the pending motion for summary judgment necessarily would be dispositive of Plaintiff's claims *against the Doe defendants*. Whether Defendant's exhaustion arguments are meritorious as to the Doe defendants requires identification of the Doe defendants and consideration of whatever administrative remedies Plaintiff exhausted as to those parties. Second, it is Defendant's burden to show good cause why a protective order is warranted "by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004). In support of his motion for protective order, Defendant fails to carry his burden of identifying and quantifying the specific prejudice or harm that would result from complying with the subpoena.

Accordingly, because the Court extended the limited discovery period to allow for the issuance of and compliance with the subpoena, and for Plaintiff to submit a notice to substitute the name of Defendant John or Jane Doe, the Court will stay discovery of this action with the exception of SATF's compliance with the subpoena.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Defendant Julius P&S Metts's motion to stay discovery (Doc. 68) is GRANTED in part;
2. With the exception of California Substance Abuse Treatment Facility's obligation to respond to Plaintiff's subpoena (Doc. 67), all other discovery (Doc. 55) is STAYED pending final resolution of Metts's motion for summary judgment (Doc. 65); and
3. Upon resolution of Defendant's pending motion for summary judgement, the Court will enter a separate order resetting all case management dates as appropriate.

IT IS SO ORDERED.

Dated: **August 5, 2026**

UNITED STATES MAGISTRATE JUDGE