UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT JOHNNY AVALOS,<br>Plaintiff,<br>v.<br>JULIUS P&S METTS, *et al.*,<br>Defendants. | Case No. 1:21-cv-00084-KES-CDB (PC)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE LOCAL RULES<br><br>(Doc. 65)<br><br>**14-DAY DEADLINE** |

Plaintiff Vincent Johnny Avalos ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought under 42 U.S.C. § 1983.

**Relevant Background**

Following screening, this action proceeds on Plaintiff's second amended complaint ("SAC"), filed July 7, 2025, against Defendants Julius P&S Metts ("Metts") and "Jane Doe or John Doe" ("Defendants") for claims arising under the Fourth Amendment. (Doc. 43 at 2). On July 16, 2026, Defendant Metts filed the pending motion for summary judgment for failure to exhaust administrative remedies. (Doc. 65). Plaintiff has failed to timely file either an opposition or a statement of non-opposition to Defendant Metts's pending motion for summary judgment for failure to exhaust administrative remedies as required under the Local Rules (*i.e.*, by no later than August 10, 2026). *See* Local Rule 230(*l*) (requiring the non-moving party to file an opposition or statement of non-opposition within 21 days of service of the motion's filing); Fed. R. Civ. P.

6(a)(1) & (d) (providing three additional days for service by mail and that a deadline occurring on a weekend is continued to next day that is not a weekend or holiday);.

**Order to Show Cause**

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Here, as set forth above, Plaintiff's opposition or statement of non-opposition was due on or before August 10, 2026. Plaintiff has failed to file an opposition or statement of non-opposition to the pending motion, and the time to do so has now passed. Because Plaintiff's conduct violates Local Rule 230, the undersigned will order Plaintiff to show cause in writing why sanctions should not issue.

*Remainder of This Page Intentionally Left Blank*

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff shall show cause in writing **within 14 days** of the date of service of this order why sanctions should not be imposed for his failure to comply with the Local Rules. Alternatively, within that same time, Plaintiff may file an opposition or statement of non-opposition to the pending motion for summary judgment for failure to exhaust administrative remedies filed on July 16, 2026 (Doc. 65).
2. **Any failure by Plaintiff to timely respond to this Order may result in the recommendation that this action be dismissed for a failure to obey the Local Rules, failure to obey a court order, and failure to prosecute.**

IT IS SO ORDERED.

Dated: **August 19, 2026**

UNITED STATES MAGISTRATE JUDGE